UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**MIAMI RESEARCH INVESTMENTS, LLC, a Florida limited liability company; HOWARD I. SCHWARTZ, M.D.; ERIC SHELDON, M.D.; and DAVID SEIDEN, M.D.,**

  Plaintiffs,

v.

**QPS HOLDINGS, LLC, a Delaware limited liability company; and QPS MRA, LLC, a Delaware limited liability company,**

  Defendants.

_____/

CASE NO. _____

## NOTICE OF REMOVAL OF DEFENDANTS QPS HOLDINGS LLC AND QPS MRA LLC

  Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants QPS Holdings, LLC ("QPS Holdings") and QPS MRA, LLC ("QPS MRA") (collectively, "QPS") hereby file this Notice of Removal and thereby remove this action from the Circuit Court of the 11th Judicial Circuit Court In and For Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division. Removal is proper because this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). In support of this Notice of Removal, QPS states as follows:

### I. THE STATE COURT ACTION

  1. On November 3, 2014, Plaintiffs Howard Schwartz M.D., Miami Research Investments, LLC ("MRI"), Eric Sheldon M.D., and David Seiden, M.D. (collectively, "Plaintiffs") filed a civil action against QPS in the Circuit Court of the 11th Judicial Circuit Court of Miami-Dade County, Florida, styled *Miami Research Investments, LLC, a Florida*

*limited liability company; Howard I. Schwartz, M.D.; Eric Sheldon, M.D.; and David Seiden, M.D. v. QPS Holdings, LLC, a Delaware limited liability company; and QPS MRA, LLC, a Delaware Limited Liability Company,* Case No. 14-28133 CA 40 (the "State Court Action"). Plaintiffs did not serve the Complaint and Summonses on QPS MRA and QPS Holdings until April 20, 2015 and April 22, 2015 respectively.

2. On December 31, 2012, QPS and MRI entered into the Unit Purchase Agreement. Pursuant to the Unit Purchase Agreement, QPS purchased from MRI all of the outstanding securities or "units" of Broward Research Group, LLC; MRA Clinical Research LLC; Miami Research Marketing and Advertising, LLC; Miami Research Associates, LLC; and Miami Clinical Trials, LLC (the "Business")—which conducted clinical research trials on behalf of biotechnology and pharmaceutical companies seeking FDA approval for development-stage pharmaceutical products.

3. Based upon pre-transaction misstatements made by Plaintiffs MRI, Dr. Schwartz, and Dr. Sheldon, and based upon false representations and warranties in the Unit Purchase Agreement, QPS paid Twenty Eight Million Five Hundred Thousand Dollars ($28,500,000.00) in cash for the Business.

4. As part of the Unit Purchase Agreement, and as additional consideration, QPS also agreed to issue Two Million Eight Hundred Twelve Thousand Five Hundred Membership Shares (2,812,500) to MRI.

5. Plaintiffs contend that as part of the Unit Purchase Agreement, QPS agreed to provide an "Earnout Adjustment" to MRI if it met certain EBITDA targets over time. (Compl. ¶ 14).[1]

---

[1] EBITDA refers to "Earnings Before Interest, Taxes, Depreciation, and Amortization."

6. Plaintiffs also contend that to the extent the Business achieved certain "approved budget and management objectives," QPS agreed to give certain employees of the Business "Equity Appreciation Rights." (Compl. ¶ 20).

7. After the transaction, Dr. Schwartz, Dr. Sheldon, and Dr. Seiden remained employees of QPS and continued to run the Business.

8. In the State Court Action, Plaintiffs allege that QPS has breached several contracts, including: the Unit Purchase Agreement (dated December 31, 2012); an Employment Agreement between QPS and Dr. Schwartz (dated December 31, 2012); an Employment Agreement between QPS and Dr. Sheldon (dated December 31, 2012); and an Employment Agreement between QPS and Dr. Seiden (dated December 31, 2012).

9. Plaintiffs bring six claims against QPS.

10. In Count I, despite the fraudulent conduct of Plaintiffs MRI, Dr. Schwartz, and Dr. Sheldon, their repeated failures to comply with the terms of the Unit Purchase Agreement, and their continuing violations of their respective Employment Agreements, which necessarily defeat Plaintiffs' various claims, Plaintiffs' Complaint asserts that QPS breached the Unit Purchase Agreement by failing to make an "earnout adjustment" in the form of cash and stock that is purportedly worth over $1 million to MRI. (Compl. ¶17). Based upon these allegations alone, the amount in controversy for diversity jurisdiction under 28 U.S.C. § 1332(a) is met.

11. In Count II, Plaintiffs contend that QPS purportedly breached the Unit Purchase Agreement by failing to provide equity appreciation rights to MRI as a result of meeting management and budget objectives. (Compl. ¶¶ 21–23).

12. In Counts III-V, Plaintiffs allege that QPS breached its employment contracts with Dr. Schwartz, Dr. Sheldon, and Dr. Seiden by failing to provide certain equity appreciation rights. (Compl. ¶¶ 24–38).

13. In Count VI, Plaintiffs seek declaratory relief that as a result of QPS' purported breaches of the Unit Purchase Agreement and Employment Agreements (and other agreements), the contractual obligations of Dr. Schwartz, Dr. Sheldon, and Dr. Seiden are void, including the restrictive covenants that they agreed to be bound by. (Compl. ¶¶ 1, 39–44).

14. Plaintiffs filed their State Court Action on November 3, 2014, but did not serve it until much later. On April 20, 2015, QPS MRA was served with a copy of the complaint and summons in the State Court Action. QPS Holdings was not served with a copy of the complaint and summons until April 22, 2015.

15. As of the date and time of the filing of this Notice of Removal, no hearings have been set in the State Court Action and no trial has been scheduled. According to the docket of the State Court Action, a status conference has been scheduled for June 15, 2015. A copy of all pleadings filed and served in the State Court Action is attached hereto as Composite Exhibit 1.

**II.   VENUE**

16. Venue is proper in this Court pursuant to 28 U.S.C. §§ 89(c) and 1441(a) because the 11th Judicial Circuit Court In and For Miami-Dade County, Florida where the State Court Action was filed and has been pending prior to removal, is a state court within this federal district and division.

**III.     SUBJECT MATTER JURISDICTION**

17.     This Court has diversity jurisdiction pursuant to 28 U.S.C. 1332(a) because:a) the amount in controversy exceeds $75,000 and, based upon Plaintiffs' allegations alone, exceeds more than $1 million dollars; and (b) the properly-joined parties are citizens of different states.

**A.     The $75,000 Amount-In-Controversy Requirement Is Clearly Met Based Upon Plaintiffs' Allegations Alone.**

18.     Under controlling Supreme Court law, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Supreme Court has made it clear that "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 553.

19.     It is axiomatic that "[a] removing defendant need not confess liability in order to show that the controversy exceeds the threshold." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) (internal quotation marks and citations omitted).  Indeed, the amount in controversy "concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Id.*

20.     Plaintiffs' allegations in the State Court Action confirm that the amount in controversy well exceeds $75,000.

21.     Plaintiffs assert that the alleged damages from QPS' purported breaches of contract "are in excess of One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of interest, costs and attorneys' fees." (Compl. ¶ 1).

22.     In fact, for the purported breach of the "earnout adjustment" provisions of the Unit Purchase Agreement, Plaintiffs contend that MRI is entitled to "no less than 937,500 Parent Membership Shares and $1 million" (Compl. ¶ 16), along with equity appreciation rights.

5

(Compl. ¶ 23).   These allegations alone satisfy the amount in controversy for diversity jurisdiction.

23.     In addition, Dr. Schwartz, Dr. Sheldon, and Dr. Seiden each contend that he is entitled to "equity appreciation rights" under his respective Employment Agreement.  The value of the "equity appreciation rights" further increases the amount that Plaintiffs have put in controversy.[2]

24.     Based solely on Plaintiffs' allegations, the amount in dispute is well over the $75,000 threshold required to invoke the Court's diversity jurisdiction.

### B.     **There Is Diversity Of Citizenship Among The Parties.**

25.     As a matter of law, there is complete diversity of citizenship between Plaintiffs and QPS.

26.     Plaintiffs are all citizens of Florida.

27.     MRI is a limited liability company organized under the laws of the State of Florida.  For diversity purposes, a "limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  MRI has one managing member, Dr. Schwartz, who is a citizen of Florida, and approximately 43 other individual members who are all citizens of Florida.  Thus, MRI is a citizen of Florida.

28.     Plaintiff Howard Schwartz, M.D., is a resident of Miami-Dade County, Florida, and, thus, a citizen of Florida.  (Compl. ¶ 7).

---

[2]     At a minimum, the Court has supplemental jurisdiction over any claims brought by Plaintiffs' Schwartz, Sheldon, and Seiden.  *See* 28 U.S.C. § 1367; *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005).

29. Plaintiff Eric Sheldon, M.D., is a resident of Miami-Dade County, Florida, and, thus, a citizen of Florida. (Compl. ¶ 8).

30. Plaintiff David Seiden, M.D., is a resident of Broward County, Florida, and, thus, a citizen of Florida. (Compl. ¶ 9).

31. By contrast, Defendant QPS Holdings is a foreign limited liability company, organized under the laws of Delaware, with its principal place of business in Newark, Delaware (Compl. ¶ 5). The members of QPS Holdings LLC include: Benjamin Chien, Jennifer Yen, Yisheng Lee, and the Daniel Dershung Lee Irrevocable Trust, all citizens of California; Larry Duan and Kumar Ramu, who are citizens of Delaware; Dale & Linda Bourg and Dave & Amy Koenigsfeld, who are citizens of Missouri; Alex Change and Ming-Ling Lo, who are citizens of Taiwan; Argentum Capital Partners, LP and Argentum Capital Partners II, LP, which are citizens of New York, Delaware, and Connecticut; BKCA Holdings, Inc., which is a citizen of Illinois and Delaware; and MRI.

32. MRI is a Plaintiff in this action and is entirely controlled by Plaintiffs Schwartz and Sheldon. Thus, for purposes of testing diversity of citizenship, MRI should be considered to be a Plaintiff rather than a Defendant, and should not destroy diversity of citizenship for at least the following reasons:

> A. The Eleventh Circuit has mandated that "federal courts are required to realign the parties in an action to reflect their interests in the litigation." *City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012). In fact, it is the "duty . . . of the lower federal courts[ ] to look beyond the pleadings and arrange the parties according to their sides in the dispute," as determined by "the principal purpose of the suit" and "the primary and

7

controlling matter in dispute." *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941) (citations and quotations omitted); *see also Miss. ex rel. Hood v. AU Optronics Corp.,* 134 S.Ct. 736, 745 (2014) (holding that "[w]e have interpreted the diversity jurisdiction statute to require courts in certain contexts to look behind the pleadings" and that the "real party in interest inquiry identifies what party's (or parties') citizenship should be considered in determining diversity").

B. MRI has a very small stake—only 5%—in QPS Holdings.  In fact, MRI's stake is so small that it brought suit against QPS Holdings.  Under these circumstances, it makes no sense to determine the citizenship of QPS Holdings with reference to MRI.

C. The Eleventh Circuit has made clear that "[w]here the parties' interests are the same, we have held that those parties must be aligned together and have reversed a district court's failure to do so[.]"  *City of Vestavia Hills*, 676 F.3d at 1314; *see also cf. Duffey v. Wheeler*, 820 F.2d 1161, 1163 (11th Cir. 1987) (recognizing the need for realignment in shareholder derivative actions and the general rule that the corporation is properly realigned as a plaintiff since it is the real party in interest).

D. In addition, it is well-settled that a party is not entitled to defeat diversity jurisdiction through its own fraudulent efforts.  *See cf. Henderson v. Wash. Nat'l Ins. Co.*, 454 F. 3d. 1278, 1281 (11th Cir. 2006) ("When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity

jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court.").

33. Here, under these principles, MRI's membership interest in QPS Holdings cannot be used to defeat traditional diversity jurisdiction. MRI is one of the Plaintiffs who brought this action against QPS, and QPS and MRI have antagonistic interests and are hostile to one another in this action. Thus, MRI and its interest in QPS Holdings must be properly realigned as a party Plaintiff (and only as a party Plaintiff) for the purpose of determining diversity jurisdiction.

34. In addition, MRI only has its membership interest in QPS as a result of its fraudulent conduct in inducing QPS to enter into the Unit Purchase Agreement. If the Court were to consider MRI's minimal interest in QPS Holdings for the purpose of determining citizenship, the Court would be permitting MRI to reap the rewards of its fraudulent conduct by denying QPS Holdings and QPS MRA a federal forum to hear this dispute—which is clearly between parties of different states.

35. With these considerations in mind, QPS Holdings is properly considered a citizen of California, Delaware, Missouri, Taiwan, and New York.

36. Defendant QPS MRA is a foreign limited liability company, organized under the laws of Delaware, with its principal place of business in Delaware. (Compl. ¶ 6). The sole member of QPS MRA is QPS Holdings. Thus, for the same reasons that QPS Holdings is a citizen of California, Delaware, Missouri, Taiwan, and New York, so is QPS MRA. Because as a matter of law, MRI's interest in QPS Holdings should be discounted and realigned for purposes of determining the citizenship of QPS Holdings and QPS MRA, no Plaintiff and no Defendant are citizens of the same state. Complete diversity of citizenship thus exists, and removal is appropriate.

**IV.     REMOVAL IS TIMELY**

37. QPS has timely filed this Notice of Removal. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]").

38. QPS MRA was served with a copy of the initial pleading and summons on April 20, 2015, and QPS Holdings was served with a copy of the initial pleading and summons on April 22, 2015. QPS MRA and QPS Holdings filed this notice of removal within 30 days from the date that they were first served. Thus, removal is timely. *See, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48 (1999).

**V.     CONSENT**

40. For the purposes of removal for complete diversity jurisdiction under 28 U.S.C. § 1332(a), all defendants who have been "properly joined and served" have consented to the removal of the State Court Action. *See* 28 U.S.C. § 1446(b)(2)(A). QPS MRA and QPS Holding consent to removal.

**VI.     PROCESS AND PLEADINGS**

41. In compliance with 28 U.S.C. § 1446(a), all pleadings that have been served on QPS and filed in the State Court Action are attached hereto as Composite Exhibit 1. Plaintiffs' Complaint, along with the civil cover sheet, is attached as Exhibit 1A; the summons to QPS Holdings and QPS MRA are attached as Exhibit 1B; the State Court's February 23, 2015 Order extending the time for Plaintiffs to serve their Complaint and resetting the initial Case Management Conference is attached as Exhibit 1C; and the returns of service on QPS Holdings and QPS MRA are attached as Exhibit 1D.

42. A copy of this Notice of Removal is being served contemporaneously on Plaintiff's counsel (and counsel for all other Defendants) and is being filed simultaneously with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

43. By filing this Notice of Removal, QPS does not waive any defenses that may be available to it, and expressly reserves all such defenses. If any questions as to the propriety of the removal of the State Court Action to this court arise, QPS invokes its right to present additional evidence and briefing to demonstrate that this case has been properly removed.

### VII. CONCLUSION

44. WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants QPS Holdings and QPS MRA hereby remove this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida.

Dated: May 11, 2015                    Respectfully submitted,

/s/ Brian M. Ercole
Brian M. Ercole
Florida Bar No. 0102189
bercole@morganlewis.com
David Behar
Florida Bar No. 0097807
dbehar@ morganlewis.com
**MORGAN LEWIS & BOCKIUS, LLP**
200 S. Biscayne Boulevard, Suite 5300
Miami, Florida 33131
Telephone:  305-415-3000
Facsimile:   305-415-3001

*Attorneys for Defendants QPS Holdings, LLC, and QPS MRA, LLC.*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on May 11, 2015, the foregoing Notice of Removal, along with all exhibits thereto, was served via electronic mail and Federal Express to the following counsel of record:

Glenn J. Waldman (FBN 374113)
WALDMAN TRIGOBOFF
HILDEBRANDT MARX & CALNAN, P.A.
500 East Broward Boulevard, Suite 1700
Fort Lauderdale, FL  33394
Telephone:  954-467-8600
GWaldman@waldmanlawfirm.com

*Counsel for Plaintiffs*

                                            /s/ Brian M. Ercole
                                            Brian M. Ercole